UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
YI SUN,

                               No. 19-CV-10858-LTS-SN

               Plaintiff,

      -against-                        ORDER

SASLOVSKY, et al.,

               Defendants.
--------------------------------------------------------x

The Court has received and reviewed in its entirety Plaintiff's "Emergency Motion for a Temporary Restraining Order (TRO) To Stay the Last Order and Motions for Reargument." (Docket entry no. 73 (the "Motion").)

A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Plaintiff does not assert that there has been an intervening change of controlling law or that new evidence is available. Instead, Plaintiff lists two reasons why the Court's June 17, 2024, Order (docket entry no. 71) warrants reconsideration. (Motion at 2.) However, Plaintiff's assertions are conclusory and fail to provide a legal or factual basis to conclude that there is a need

to correct a clear error or prevent manifest injustice.  Accordingly, the motion for reconsideration is denied.

Plaintiff's motion also requests an Emergency Temporary Restraining Order "to stay the last Order/Judgement/Decision" of June 17, 2024.  The Court construes Plaintiff's motion as a request to stay the June 17, 2024, Order pending reconsideration.  Because the Court today denies Plaintiff's motion for reconsideration, the motion to stay that Order is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

This order resolves docket entry no. 73.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address below.

SO ORDERED.

Dated: New York, New York
      July 19, 2024

     /s/ Laura Taylor Swain
     LAURA TAYLOR SWAIN
     United States District Judge

Mail to:     Yi Sun
          10 East 116th St. Apt 3A
          New York, NY 10029